FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 30, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEVAR DERON ANDERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>DENALI KEMAJ ANDERSON,<br><br>  Defendant. | NO. 2:24-CV-0016-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff's Complaint. ECF No. 1. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, all claims asserted in Plaintiff's Complaint (ECF No. 1) against the deceased Defendant are **DISMISSED.**

Plaintiff Levar Deron Anderson, proceeding *pro se* and *in forma pauperis*, filed this suit on January 22, 2024, against the deceased Defendant Denali Kemaj

ORDER DISMISSING COMPLAINT ~ 1

1  Anderson who was killed on August 6, 2022.  Plaintiff appears to seek
2  guardianship for his deceased son.  Federal courts do not grant guardianship.
3        Previously, Plaintiff filed two complaints in the United States District Court
4  for the Eastern District of Washington in case number 4:23-CV-5078-TOR.  Those
5  Complaints were dismissed without prejudice.
6        Plaintiff's current complaint does not establish this Court's jurisdiction nor
7  does it name a proper Defendant.  Plaintiff has not plead any factual allegations
8  against any Defendant that state a proper claim for relief in federal court.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").  Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

ORDER DISMISSING COMPLAINT ~ 2

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle [her] to relief." *Id*. "In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more

ORDER DISMISSING COMPLAINT ~ 3

1  than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*
2  *Iqbal*, 556 U.S. 662, 678 (2009).  Rule 8 marks a notable and generous departure
3  from the hyper-technical, code-pleading regime of a prior era, but it does not
4  unlock the doors of discovery for a plaintiff armed with nothing more than
5  conclusions.  *Id*. at 678-79.  In assessing whether Rule 8(a)(2) is satisfied, the
6  Court first identifies the elements of the asserted claim based on statute or case
7  law.  *See id*. at 675.  The Ninth Circuit follows the methodological approach set
8  forth in *Iqbal* for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009) (*quoting Iqbal*, 556 U.S. at 679).

Plaintiff has not plead factual allegations against any Defendant that state a proper claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous."  *See Coppedge v.*

ORDER DISMISSING COMPLAINT ~ 4

*United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status. If Plaintiff seeks to pursue an appeal, he must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint (ECF No. 1) is **DISMISSED without prejudice**.

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The District Court Executive is directed to enter this Order, enter Judgment, mail copies to Plaintiff, and **CLOSE** the file.

**DATED** January 30, 2024.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT ~ 5